UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| CORAL CHEMICAL COMPANY, an Illinois Corporation, and DONALD LAFLAMME,<br><br>      Plaintiffs,<br><br>v.<br><br>CHEMETALL US, INC.<br><br>      Defendant. | Case No. 4:16-cv-0023-RLY-DML |

## **Order on Emergency Motion for Temporary Restraining Order**

Plaintiffs Coral Chemical Company and Donald LaFlamme seek a temporary restraining order prohibiting defendant Chemetall US, Inc. from proceeding with litigation it commenced in the District of New Jersey against Coral and LaFlamme.[1] (Dkt. 14)

On February 11, 2016, Coral and LaFlamme filed their declaratory judgment action in this court against Chemetall, seeking a declaration that a non-competition agreement between LaFlamme and Chemetall, his former employer, is unenforceable. On February 16, 2016, Chemetall filed an action in the District of New Jersey against Coral and LaFlamme for breach of the non-compete and related

---

[1] The plaintiffs have also asked for a preliminary injunction, but in light of the order made here, the court need not address that request at this time.

claims. Moreover, on that same day, Chemetall sought and obtained from the New Jersey court an *ex parte* restraining order against Coral and LaFlamme enforcing the alleged terms of the non-competition agreement.

The court has examined the filings in this case as well as the orders from the District of New Jersey that Coral and LaFlamme have submitted in connection with their motion for temporary restraining order, and the court has considered their arguments in support of temporary relief.

In particular, the court notes that the New Jersey court has set the matters (in particular, Chemetall's request for a preliminary injunction) for hearing on Monday, February 29, 2016. In light of this prompt hearing, the court finds that the interests of justice are best and most efficiently served by this court taking no action at this time on the plaintiffs' motion for temporary restraining order. All of the plaintiffs' arguments—both on the merits and on the question of the proper forum—can be advanced in connection with that hearing.

The plaintiffs' emergency motion is therefore DENIED WITHOUT PREJUDICE to the merits of the arguments advanced therein. The court will address the merits of preliminary relief if appropriate after the February 29 hearing.

So ORDERED.

*Debra McVicker Lynch*
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Dated: February 25, 2016

2

Distribution:

All ECF-registered counsel of record by email through the court's ECF system