# EXHIBIT R

**KELLEY DRYE & WARREN LLP**

A LIMITED LIABILITY PARTNERSHIP

WASHINGTON, DC
LOS ANGELES, CA
CHICAGO, IL
STAMFORD, CT
NEW YORK, NY

BRUSSELS, BELGIUM

AFFILIATE OFFICE
MUMBAI, INDIA

ONE JEFFERSON ROAD
PARSIPPANY, NJ 07054

(973) 503-5900

FACSIMILE
(973) 5035950
www.kelleydrye.com

ROBERT I. STEINER
DIRECT LINE:(212) 808-7965
EMAIL:rsteiner@kelleydrye.com

February 26, 2016

**VIA ECF**

Hon. Jose L. Linares
United States District Court
District of New Jersey
Martin Luther King Bldg.
& Courthouse
50 Walnut Street, Room 50
Newark, NJ 07101

Re:   *Chemetall US, Inc. vs. LaFlamme, et al*
      Civ. No.: 16-cv-00780-JLL-JAD

Dear Judge Linares:

We represent the Plaintiff, Chemetall US, Inc. ("Chemetall") with respect to the above-referenced matter, which is scheduled for a Preliminary Injunction hearing on Monday, February 29, 2015 at 10:30 a.m. We write to apprise the Court of a recent development in this matter in advance of that hearing.

As Your Honor is aware from Chemetall's February 16, 2016 Motion for a Temporary Restraining Order and Preliminary Injunction, on February 11, 2016, Defendants filed an action in the United States District Court for the Southern District of Indiana, New Albany Division styled as *Coral Chemical Company and Donald LaFlamme v. Chemetall US, Inc.*, Index No. 4:16-cv-RYL-DML (the "Indiana Action"), seeking a declaratory judgment that a restrictive covenant (the "Agreement") between Chemetall and LaFlamme is unenforceable in its entirety, notwithstanding the fact that LaFlamme expressly consented in the Agreement to have "any and all litigation" relating to the Agreement resolved in "the federal and/or state courts in New Jersey." (Docket No. 1-5, Exhibit B at § 13). This attempt at preemptive action by Defendants was in response to this firm's good-faith efforts to secure compliance with the Agreement without the necessity of litigation.

**KELLEY DRYE & WARREN LLP**

February 26, 2016
Page Two

On February 16, 2016, this Court entered an Order granting Chemetall a TRO. (Docket No. 4). In response to that Order, on February 24, 2016, Defendants further filed in the Indiana Action an "Emergency Motion for Temporary Restraining Order and Preliminary Injunction," claiming that Chemetall "wrongfully obtained *ex parte* injunctive relief," from Your Honor and seeking an order of the Indiana Court "restraining [Chemetall] from proceeding with the New Jersey lawsuit." (Indiana Action Docket No. 14).

On February 26, 2016, the Indiana Court expressly declined to interfere with this Court's exercise of jurisdiction over this matter—a ruling that is consistent with this Court's TRO and the Agreement's express choice of a New Jersey forum—and denied Defendants' "Emergency Motion" for a TRO and Preliminary Injunction. (Indiana Action Docket No. 14, attached hereto as Exhibit A). Specifically, the Indiana Court found that because this Court set a "prompt hearing" for Monday, February 29, 2016, "the interests of justice are best and most efficiently served by this court taking no action at this time on the plaintiffs' motion for temporary restraining order." The Indiana Court reasoned that "*[a]ll* of the plaintiffs' arguments—both on the merits and on the question of the proper forum—can be advanced in connection with that hearing." (*Id.* at p. 2) (emphasis added).

Plaintiff intends to submit a full opposition to Defendants' most recent Motion to Stay this Action or Transfer Venue to the Southern District of Indiana in accordance with the Court's February 26, 2016 docket entry. In the interim, we believe that the recent ruling from the Indiana Court which denied Defendants' request to prevent a hearing in this Court from going forward on Monday, should be brought to Your Honor's attention.

Respectfully submitted,

/s/ *Robert I. Steiner*

Robert I. Steiner
Mark A. Konkel (*pro hac vice* application pending)

Enclosure
cc:        All parties of record (via ECF)

EXHIBIT A